UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JOHN SNUGGS, )
 )
    Plaintiff, ) Civil Action No. 13-34-HRW
 )
V. )
 )
BUREAU OF PRISONS, *et al.*, ) **MEMORANDUM OPINION**
 ) **AND ORDER**
    Defendants. )

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

John Snuggs is an inmate confined in the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Snuggs has filed a civil rights complaint asserting claims under 42 U.S.C. § 1983. [D. E. No. 1] By separate order, the Court has granted Snuggs's motion to pay the filing fee in installments.

The Court must conduct a preliminary review of Snuggs's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08

1

(6th Cir. 1997). The Court evaluates Snuggs's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Snuggs's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the complaint, the Court will dismiss Snuggs's claims because he has not stated grounds entitling him to relief under § 1983.

## DISCUSSION

Snuggs states that on April 5, 2012, he sustained a shoulder injury while working at his prison job at FCI-Ashland, that he underwent surgery, and that his treating physician prescribed a course of post-operative physical therapy. Snuggs alleges that the defendants, the Bureau of Prisons ("BOP"), Kenneth J. Gomez, M.D., and Amanda S. Waugaman, failed or refused to schedule any physical therapy treatment for him notwithstanding his treating physician's orders. Snuggs alleges that the actions of the defendants are "negligent in nature...." [D. E. No. 1, p. 3, ¶ 14]; that his shoulder injury has worsened; and he has been damaged as a direct and proximate cause of the defendants' negligence. [*Id.*, ¶¶ 15-18] Snuggs seeks compensatory damages, a temporary restraining order prohibiting either his being transferred or other retaliatory actions against him, and his court costs and attorney fees.

2

As a threshold matter, Snuggs asserts claims under "... 42 U.S.C. § 1983 and the laws of the Commonwealth of Kentucky." [*Id.*, p. 1] In this case, the defendants are employed by the federal, rather than state, government. To the extent Snuggs contends they violated his constitutional rights, his claims do not fall under § 1983, but under a similar remedy found pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

But Snuggs does not contend that the defendants were "deliberately indifferent" to his medical needs, an intentional state of mind required to support a civil rights claim in this context. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Instead, he repeatedly states that they were negligent because they did not provide him with the physical therapy his surgeon prescribed. But negligence or medical malpractice does not violate the Constitution. *Lewis v. Grider*, 27 F. App'x 282, 283 (6th Cir. 2001); *Brown v. Kordis*, 46 F. App'x 315, 317 (6th Cir. 2002). The Court must therefore dismiss Snuggs's civil rights action for failure to state a claim.

This does not necessarily mean that Snuggs is without a remedy. Ordinarily the United States is immune from suit, but the federal government has waived that immunity in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, for negligence committed by its officials and employees within the scope of their employment. *Molzof ex rel. Molzof v. United States*, 502 U.S. 301, 304

3

(1992). Before a plaintiff may file suit, however, he must first present his claim to the agency to consider settling the claim, and the agency must deny that request. 28 U.S.C. § 2675(a). A plaintiff must complete a Form 95 requesting administrative settlement of his claim and submit it to the agency within two years after the events complained of, and if the agency denies the request, he must file suit within six months. 28 U.S.C. § 2401(b); *Ellison v. United States*, 531 F.3d 359, 362 (6th Cir. 2008).

The FTCA may provide a remedy. However, when a prisoner is injured while performing prison work, he may not sue under the FTCA, but must use the remedy provided by the Inmate Accident Compensation Act ("IACA"). 18 U.S.C. § 4126(f). Some courts have held that this is true even when the prisoner sues not for the work injury itself, but when he claims that subsequent medical care to treat that injury was negligent. *Cf. Alvarez v. Gonzales*, 155 F. App'x 393 (10th Cir. Nov. 10, 2005). Snuggs may therefore wish to pursue his claim through the IACA as well. An IACA claim must begin at the prison, 28 C.F.R. §§ 301.301-.319, he may wish to discuss how to begin the process with appropriate prison staff.

Snuggs has also filed a motion seeking a TRO prohibiting the defendants from transferring him to another BOP facility or taking any other action against him in retaliation for his filing this lawsuit. That motion will be denied as moot.

4

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Snuggs's complaint [D. E. No. 1] is **DISMISSED WITH PREJUDICE.**

2. Snuggs's motion seeking a temporary restraining order [D. E. No. 4] is **DENIED AS MOOT.**

3. The Court will enter an appropriate judgment.

4. This action is **STRICKEN** from the active docket.

This March 20, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge